IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SBG-PR, LLC, a Florida limited liability corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CIVIL ACTION NO. 25-4212 ) |
| Fit Family Brands, LLC, a Texas limited liability company, Ali Green a/k/a Ali James, an individual, and John James, an individual. | ) ) ) ) ) |
| Defendants | ) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, SBG-PR, LLC, by and through its undersigned counsel, for its complaint against defendants Fit Family Brands, LLC, and its principals, Ali Green a/k/a Ali James, and John James, (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of Plaintiff's trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement, unfair competition and statutory and common law claims under the law of the State of Texas, all arising from the Defendants' unauthorized and infringing use of the KAIYA and KAIYA NUTRITION trademarks in connection with health and wellness goods and services, including but not limited to nutritional supplements.

**THE PARTIES**

2. Plaintiff is a Florida limited liability company with its principal place of business at 24 Catnap Alley, Inlet Beach, Florida 32461.

3. Defendant Fit Family Brands, LLC ("FFB") is a Texas limited liability company with its principal place of business at 26400 Kuykendahl Road, Suite C180 #143, The Woodlands, Texas, 77389.

4. Defendant Ali Green a/k/a Ali James ("Ms. James"), is one of the founders and principals of FFB, and is a citizen of the state of Texas with an address located at 27530 S. Lazy Meadow Way, Spring, TX 77386. Ms. James, along with her husband, Defendant John James, directs, controls, ratifies, participates in, and/or is the moving force behind FFB's conduct.

5. Defendant John James ("Mr. James"), is one of the founders and principals of FFB, and is a citizen of the state of Texas with an address located at 27530 S. Lazy Meadow Way, Spring, TX 77386. Mr. James, along with his wife, Ms. James, directs, controls, ratifies, participates in, and/or is the moving force behind FFB's conduct.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over Plaintiff's Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338(a).

7. This Court has pendant jurisdiction and supplemental jurisdiction over all related state law claims in accordance with 27 U.S.C. §§ 1338(b) and 1367 because the state law claims involve unfair competition, arise from the same nucleus of operative facts as the federal law claims, and are so related to the federal law claims that they form part of the same case and controversy.

8. This Court has personal jurisdiction over Defendants due to their residency and business activities in this judicial district.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), as all Defendants reside in this judicial district, a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, and Defendants are using infringing trademarks in this judicial district.

## FACTS COMMON TO ALL COUNTS

### A. Plaintiff and Its KAIYA Marks

10. Plaintiff is owner of the Kaiya Beach Resort and Kaiya Club in Inlet Beach, Florida (collectively, the "Kaiya Resort"). Situated on the stunning Gulf Coast, known for its white sandy beaches and turquoise waters, the Kaiya Resort is a community of luxurious residences that blend indoor and outdoor living. Each aspect of the Kaiya Resort is designed with the residents' well-being in mind. At the heart of the Kaiya Resort experience is an unwavering commitment to health and wellness. Its Beach House with fitness and dining facilities, for example, feature state-of-the-art amenities, and its onsite eateries promote healthy and nutritious cuisine. Health, wellness, and nutrition are not merely amenities at Kaiya Resort, but the essence of its mission.

11. Ever since its inception and using the KAIYA branding, Plaintiff has been promoting the Kaiya Resort as a community built around health and wellness for both body and soul. As early as August of 2015 and up through and including through the present, Plaintiff has been promoting its spa and wellness services under the KAIYA brand. Attached hereto as **Composite Exhibit A** is a sample collection of marketing, promotional and sales materials prominently depicting the KAIYA trademark in connection with a variety of health and wellness goods and services offered by Plaintiff.

12. To reinforce its mission of health, wellness and nutritional food choices, in 2019, Plaintiff established the Kaiya Foundation, Inc., an entity that actively engages the community

through a variety of educational, cultural, and charitable activities, including hosting exercise classes, physical activities, and nutrition fairs, as well as seminars and lectures focused on healthy eating habits, all to inspire community participation and foster a thriving, health-conscious community. Attached hereto as **Exhibit B** is a copy of the Attachment to Form 1023, Application for Recognition of Exemption under Section 501(c)(3) of the Internal Revenue Code, for the Kaiya Foundation, Inc., which emphasizes that the "organization was formed to support and promote health and wellness in the community as a way of life" and includes, among other things, "promoting a healthy lifestyle and the importance of fresh, local and nourishing food choices." Additional examples of the health and wellness focus of the Kaiya Foundation, Inc., are attached hereto as **Composite Exhibit C**.

13. In addition to its long-standing common law rights to the KAIYA trademark, Plaintiff owns registered trademarks for KAIYA and KAIYA BEACH RESORT, issued by the United States Trademark Office as Nos. 5661838 and 5661839, both of are valid, subsisting, in full force and effect and incontestable pursuant to 15 U.S.C. § 1065, and Plaintiff also owns the mark KAIYA CLUB filed under Ser. No. 99-315998 (collectively, the "KAIYA Marks").

14. Plaintiff and its related entities and licensees have adopted and made extensive use of the KAIYA Marks in connection with residential and commercial communities, real estate development, and health spa services for health and wellness of the mind, body, and spirit (collectively, the "Plaintiff's Services"). As a result, Plaintiff has established significant brand recognition under its KAIYA Marks for the Plaintiff's Services incorporating themes of community, health and wellness.

15. Over the last decade, Plaintiff has spent well over $2,400,000 on advertising, marketing, and promoting the KAIYA Marks in connection with Plaintiff's Services, and has

provided Plaintiff's Services to over 500 sales prospects, 70 residents, and 50+ club members and hundreds of resort guests.

16. As a result of the widespread promotion and advertising both by Plaintiff and by third parties, the Plaintiff's KAIYA Marks are widely recognized and exclusively associated by consumers and the public with Plaintiff.

17. Plaintiff's Services are marketed, and promoted through a wide variety of trade channels, including at the Kaiya Resort properties themselves, but also through internet sales worldwide. As a result of Plaintiff's uninterrupted, exclusive, longtime use and widespread use, the KAIYA Marks serve as powerful source identifiers for Plaintiff and Plaintiff's Services.

B. **Defendants' Infringing Activities**

18. On information and belief, FFB was founded in 2017, and until very recently, operated under the name "Strong + Sexy Fit." Originally, FFB started as a fitness e-book company and over the years the company evolved into offering supplements and related products.

19. From its inception until approximately July 25, 2025, FFB operated under the name "Strong + Sexy Fit." Then, on or about, July 27, 2025, long after Plaintiff's first use of the KAIYA Marks, Defendants publicly announced, including on Instagram, that FFB was re-branding as KAIYA. A copy of FFB, Ms. James's and Mr. James's Instagram posts dated July 27, 2025, announcing the new name is attached hereto as **Composite Exhibit D**.

20. In connection with the rebranding, FFB, by and through the direction of Defendants Mr. and Ms. James, filed a trademark application for the mark KAIYA NUTRITION on or about March 10, 2025, for use in connection with dietary supplements and snack bars (Serial No. 99075088) (the "Infringing Trademark Application"). The Infringing Trademark Application was filed on an intent-to-use basis.

21. While the Infringing Trademark Application is for the mark KAIYA NUTRITION, Defendants are using KAIYA alone in its sales and advertising and on its products, namely health and wellness themed products. Further adding to the confusion with Plaintiff and Plaintiff's Services, Defendants are using "KAIYA WELLNESS CLUB" as their Instagram handle. Screen shots of this Instagram account are attached hereto as **Exhibit E**.

22. FFB's use of "KAIYA NUTRITION," "KAIYA," and "KAIYA WELLNESS CLUB" (collectively, the "Infringing KAIYA Marks") for use with dietary supplements, snack bars, and related goods featuring a health-and-wellness theme are identical or nearly identical to Plaintiff's KAIYA Marks. FFB has even adopted a similar font style, size, and letter spacing for its Infringing KAIYA Marks, as shown below:

| By SBG-PR | By FBB |
|---|---|
| https://www.kaiyabeachresort.com/ | https://kaiyanutrition.com/pages/our-story |
| K A I Y A | K A I Y A |

23. Defendants' use of the Infringing KAIYA Marks with a similar advertising theme creates a likelihood of consumer confusion, and, in fact, has already caused actual confusion. Residents, club members and guests, consumers, prospective consumers, and the relevant public may erroneously perceive an implied association or affiliation between Plaintiff, believing that Defendants' goods are authorized, sponsored, or endorsed by Plaintiff or vice versa. Accordingly, Defendants' use of the Infringing KAIYA Marks constitutes trademark infringement under both common law and the Lanham Act, 15 U.S.C. §1125(a).

24. Worse, Defendants were fully aware of Plaintiff's health and wellness branding under the KAIYA Marks and intentionally caused consumer confusion by audaciously promoting its goods on the very premises of the Kaiya Resort. Attached at **Exhibit F** are photographs of Defendants Ms. James and Mr. James at the Kaiya Resort wearing t-shirts that promote their own goods under the Infringing KAIYA Mark. Tellingly, Defendants have removed these incriminating photographs from their advertising and social media accounts after receiving a Cease-and-Desist letter from Plaintiff. Nonetheless, Defendants' willful and intentional infringement of the KAIYA Marks persists.

25. Defendants had both constructive and actual notice of the KAIYA Marks and Plaintiff's health and wellness themed branding – well before adopting any mark or investing in its branding strategy. Consequently, Defendants selected marks that are identical or nearly identical to the KAIYA Marks, ostensibly to free ride on Plaintiff's goodwill and while knowing they were infringing the KAIYA Marks. Such conduct amounts to willful infringement.

26. As a result of Defendants' actions, Plaintiff has been and will be damaged in an amount to be determined at trial.

27. Defendants' unlawful activities have caused and will continue to cause irreparable harm and injury to Plaintiff and the reputation and goodwill associated with the KAIYA Marks and Plaintiff's Services. Plaintiff has no adequate remedy at law.

## COUNT I
## Trademark Infringement In Violation Of 15 U.S.C. §1114

28. Plaintiff specifically realleges and incorporates by reference each and every preceding paragraph contained in the Complaint as if fully set forth herein.

29. Plaintiff is the owner of the KAIYA Marks described in this Complaint. The registrations are prima facie evidence of Plaintiff's ownership of, and the validity of, the marks in the United States.

30. As a result of Plaintiff's long-time, extensive, and widespread use of the KAIYA Marks in connection with Plaintiff's Services, consumers have come to identify Plaintiff as the sole source of such goods and services under these marks.

31. Defendants are using the confusingly similar Infringing KAIYA Marks for goods and services in health and wellness space.

32. Defendants are using the Infringing KAIYA Marks in interstate commerce to market and sell goods that are similar and/or related to Plaintiff's Services.

33. Defendants' use of the Infringing KAIYA Marks is likely to cause, and has caused confusion, mistake, or deception among consumers regarding the source of Defendants' goods or the sponsorship, affiliation, connection, or association between Defendants and Plaintiff.

34. Defendants' acts constitute trademark infringement in violation of 15 U.S.C. §1114.

35. Plaintiff has suffered and is continuing to suffer monetary damages and irreparable harm as a result of Defendants' ongoing acts of trademark infringement.

36. Defendants are engaging in these acts of infringement knowingly and willfully.

## COUNT II
### Federal Trademark Infringement and False Designation of Origin/False Advertising in Violation of 15 U.S.C. § 1125 (a)

37. Plaintiff specifically realleges and incorporates by reference each and every preceding paragraph contained in the Complaint as if fully set forth herein.

38. Plaintiff is the owner of the KAIYA Marks described in this Complaint.

39. As a result of Plaintiff's long-time, extensive, and widespread use of the KAIYA Marks in connection with Plaintiff's Services, consumers have come to identify Plaintiff as the sole source of such goods sold under these marks.

40. Defendants' use of the Infringing KAIYA Marks is likely to cause, and has caused confusion, mistake, or deception as to the source or origin of Defendants' good and services, or suggest an affiliation, connection, or association with Plaintiff, or the approval of Plaintiff.

41. Defendants' acts constitute false designation of origin and false advertising in violation of 15 U.S.C. §1125.

42. Plaintiff has suffered and is continuing to suffer monetary damages and irreparable harm as a result of Defendants' ongoing violations of law.

43. Defendants are engaging in these acts of infringement knowingly and willfully.

## COUNT III
## Trademark Infringement and Unfair Competition Under Texas Common Law

44. Plaintiff specifically realleges and incorporates by reference each and every preceding paragraph contained in the Complaint as if fully set forth herein.

45. Defendants have marketed and sold products under the Infringing KAIYA Marks, which is confusingly similar to Plaintiff's KAIYA Marks and trade on the goodwill and brand recognition that Plaintiff has cultivated at least a decade.

46. Notwithstanding Plaintiff's long-standing trademark rights in the KAIYA Marks, Defendants adopted and have continued to promote, distribute, and sell their goods under the Infringing KAIYA Marks.

47. Defendants' improper acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of Texas. As a result of Defendants'

infringement and unfair competition, Plaintiff has suffered and will continue to suffer injury and damage in an amount yet to be determined.

48. Under the circumstances, it would be inequitable for Defendants to retain the benefits they have obtained through their promotion, distribution, and sales of the goods offered and sold under the Infringing KAIYA Marks without compensating Plaintiff.

49. Defendants' use of the Infringing KAIYA Marks is likely to cause, and has caused confusion, mistake, or deception as to the source or origin of Defendants' goods, or suggest an affiliation, connection, or association with Plaintiff, or the approval of Plaintiff, have diverted sales, and harmed Plaintiff's brand reputation.

50. As a result, Defendants have been unjustly enriched at Plaintiff's expense, and Plaintiff is entitled to restitution and other equitable relief.

## COUNT IV
## Unjust Enrichment Under Texas Common Law

51. Plaintiff specifically realleges and incorporates by reference each and every preceding paragraph contained in the Complaint as if fully set forth herein.

52. As a result of Defendants' infringing and unauthorized use of the Infringing KAIYA Marks, Defendants have obtained a benefit to which they are not entitled.

53. Upon information and belief, Defendants' unlawful acts of infringement and unfair competition have resulted in profits and unjust enrichment to Defendants in an amount yet to be determined.

54. Defendants are thus liable to Plaintiff for unjust enrichment under Texas common law.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

a. Defendants, their officers, directors, agents, servants, employees, attorneys and all those persons in active concert or predication with Defendants, be preliminarily and permanently enjoined and restrained from further infringing upon Plaintiff's rights in the KAIYA Marks, including but not limited to any use of the Infringing KAIYA Marks;

b. Defendants be required to deliver to Plaintiff's counsel for destruction, or show proof of destruction of, any and all items in Defendants' possession or control that bear the Infringing KAIYA Marks;

c. Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of each injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

d. Plaintiff recover all damages sustained as a result of Defendants' infringing activities;

e. An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

f. Plaintiff recover attorney fees and costs;

g. Plaintiff recover enhanced and punitive damages, together with pre-judgment and post-judgment interest; and

h. Plaintiff recover such other and further relief as the Court deems just and proper.

Date: September 5, 2025                              Respectfully submitted,

By: */s/ Terrell R. Miller*

**Terrell R. Miller**
**Texas Bar No. 24045446**
FOLEY & LARDNER LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Tel:   713.276.5500
Fax:   713.276.5555
**tmiller@foley.com@foley.com**

**Rachel L. Gillespie**
**Texas Bar No. 24144005**
FOLEY & LARDNER LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Tel:   214.999.3307
Fax:   214.999.4667
rgillespie@foley.com

**Laura Ganoza (FL Bar No. 118532)**
FOLEY & LARDNER LLP
2 S. Biscayne Blvd Suite 1900
Miami, Florida 33131
Email: lganoza@foley.com
Telephone: (305) 482-8400
Facsimile: (305) 482-8600

*(Pro Hac Vice Motion to be Filed)*
**ATTORNEYS FOR PLAINTIFF**